IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

EUGENE MARLIN, :
:
      Petitioner, :
:
VS. : 7 : 07-CV-170 (HL)
:
KEVIN ROBERTS, Warden, :
:
      Respondent. :

**ORDER and RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2002 Tift County conviction for armed robbery. (Doc. 2). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to life imprisonment. Petitioner changed counsel and filed a direct appeal of his conviction. The Georgia Court of Appeals affirmed Petitioner's conviction and sentence in 2005. *Marlin v. State*, 273 Ga. App. 856, 616 S.E.2d 176 (2005).

Petitioner filed a state habeas petition on September 14, 2005 in the Superior Court of Calhoun County. (Doc. 13, Exh. 2). Following an evidentiary hearing, the state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on September 10, 2007. (Doc. 13, Exhs. 5, 6). Petitioner filed this federal habeas petition on October 5, 2007. (Doc. 2).

**Factual Background**

This Court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence."
28 U.S.C. § 2254(e)(1). The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Court of Appeals, said findings are hereby adopted as follows:

> [T]he evidence shows that on December 17, 2001, Marlin entered the South Georgia Bank in Tifton and approached teller Dawn Marchant. He showed Marchant a note which said "stay calm, I have a gun. I will shoot you. Give me all your fifties and hundreds or I'll shoot everybody in here." Marlin had a gun under his shirt, and Marchant believed he had a gun. She gave him all the fifties and hundreds she had, because she thought he would shoot if she did not. These events were captured on the bank's surveillance cameras, and the footage was shown to the jury. Marchant and another teller identified Marlin as the perpetrator in a lineup and at trial.
>
> Marlin fled in a Mercury Marquis, which was subsequently recovered by police. Fingerprints taken from the bank and the car matched Marlin's fingerprints. After his arrest, Marlin's mother came to the police station, and Marlin asked her to retrieve some clothing from his car. A detective went with her, and saw amongst the clothing a t-shirt similar to the one worn in the robbery. He obtained a search warrant, and retrieved the t-shirt, which was gray with a picture of Mark Twain smoking a cigarette. Marlin's sister-in-law testified she had given him the shirt, and it was the same as the one worn by the perpetrator in the surveillance pictures from the bank. A search of Marlin's residence produced other items similar to ones worn by the perpetrator during the robbery.
>
> *Marlin v. State*, 273 Ga. App. at 856, 857; (Doc. 13, Exh. 1).

## Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

2

Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at. 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-Anti-Terrorism and Effective Death Penalty Act ("AEDPA") case, the Petitioner herein may obtain

3

federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d)(1).

## **Petitioner's Habeas Claims**

In his Petition for federal habeas relief, the Petitioner sets forth the following four grounds for relief: 1) insufficiency of the evidence; 2) ineffective assistance of appellate counsel; 3) denial of a full and fair state habeas corpus hearing; 4) error by the Georgia Court of Appeals in failing to find ineffective assistance of trial counsel regarding counsel's failure to file a demurrer to the indictment.

*Sufficiency of the evidence*

Petitioner raised Ground 1 challenging the sufficiency of the evidence in the direct appeal of his conviction. *Marlin v. State*, 273 Ga. App. 856. The Georgia Court of Appeals found that:

> Marlin contends that the evidence at trial was insufficient to convict him of armed robbery, because no gun was introduced and the only evidence that he had a weapon was the testimony of Marchant. Marchant testified that when Marlin approached her, he had his hand under his shirt and she believed he had a gun. Furthermore, Marlin handed her a note in which he claimed to have a gun. However, Marchant admittedly never saw a gun.
>
> A person commits armed robbery when "with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article or device having the appearance of such weapon." Circumstantial evidence is sufficient to establish the use of a weapon or device appearing to be a weapon, "and a conviction for armed robbery may be sustained even though the weapon or article used was neither seen nor accurately described by the victim." The victim need not see the weapon, so long as she "had a reasonable

4

> apprehension that an offensive weapon was used."
>
> > We have found that a defendant's concealed hand, if perceived by the victim to be a gun, is sufficient to support a conviction for armed robbery. . . . Photographs from the bank's surveillance cameras confirmed that one of the defendant's hands was not visible to the victim. Similarly, Marchant testified that Marlin handed her a note stating he had a gun and would shoot. One of his hands was concealed, and she believed he had a gun. The jury viewed surveillance video of these events. This was sufficient circumstantial evidence for the jury to conclude that Marchant reasonably believed Marlin had a gun. Because all the elements of the crime were proven, we affirm Marlin's conviction for armed robbery.
>
> *Marlin*, 273 Ga. App. at 858, 59 (*internal citations omitted*).

The Georgia Court of Appeals, although not expressly citing the opinion, relied on the principles governing sufficiency of the evidence set forth in *Jackson v. Virginia.* 443 U.S. 307 (1979), and viewed the evidence in the light most favorable to the verdict. The court concluded that the evidence was sufficient to authorize the jury to find that the victim reasonably believed Petitioner had a gun and therefore to find Petitioner guilty of the crime of armed robbery. A state court is not required to expressly cite the governing Supreme Court standards, but "neither the reasoning nor the result of the state-court decision may contradict [governing Supreme Court standards]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

The Petitioner has not shown that the state court's decision on this issue is not entitled to deference under § 2254(d). The state court's conclusions regarding the sufficiency of the evidence reveal that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's challenge to the sufficiency of the evidence.

*Ineffective assistance of appellate counsel*

In Ground 2 of this federal habeas petition, the Petitioner raises nine (9) alleged instances of ineffective assistance of appellate counsel, the first eight (8) of which he also raised in his state habeas petition. The Petitioner alleges that appellate counsel was ineffective in failing to raise the following alleged instances of trial counsel's ineffectiveness: (i) failure to thoroughly investigate the case, facts, and law to pursue a plausible defense; (ii) failure to file pre-trial motions including a motion for complete recordation of the trial; (iii) failure to object to several instances of prosecutorial misconduct including the prosecutor's improper opening and closing arguments; (iv) failure to ensure Petitioner's presence during all critical stages of trial; (v) failure to object to several prejudicial photographs admitted at trial; (vi) failure to object to several improper jury instructions, (vii) failure to object to a fatal variance in the allegations of the indictment and the proof offered at trial; and (viii) failure to object to Petitioner's suggestive line-up. (Doc. 13, Exhs. 4, 5).

In order to establish that his counsel's representation was constitutionally defective, the Petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The Petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v.*

*Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. The Court's determination of prejudice to the Petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant. The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

In his state habeas petition, the Petitioner asserted that appellate counsel failed to enumerate certain issues of ineffective assistance of trial counsel as error on appeal. (Doc. 13, Exh. 5). After discussing the applicable standards for evaluating an ineffectiveness of appellate counsel claim, including *Strickland*, *Jones v. Barnes*, 463 U.S. 745 (1983), and Georgia cases citing these Supreme Court rulings, the state habeas court found that:

7

> [i]n the instant case, Petitioner was represented at trial by Attorney Patty S. Veazey and on appeal by Attorney Lon Kemeness. Mr. Kemeness has been a member of the Georgia Bar in good standing since 1996. At the time of his representation of the Petitioner, approximately 100 percent of his practice was dedicated to representing defendants in criminal proceedings.
>
> Attorney Kemeness reviewed the trial record and cross-examined trial counsel on a number of issues at the motion for new trial hearing held October 7, 2003. Ultimately, counsel narrowed the ineffective assistance of counsel claims to two (2) specific instances, both of which he raised on appeal. This Court finds that Petitioner has failed to meet his burden of demonstrating that appellate counsel Lon Kemeness' representation was constitutionally ineffective.

(Doc. 13, Exh. 5).

It does not appear, nor has Petitioner shown, that the state habeas court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's appellate counsel provided the Petitioner with effective representation. Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice Petitioner. The facts as found by the state habeas court evidence counsel's effective representation. The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it unreasonable under the facts of this case. Therefore, Ground 2, subgrounds (i - viii), will not support the granting of habeas relief herein.

The Respondent asserts that Ground 2, subground (ix), is new but procedurally defaulted. In subground (ix), the Petitioner asserts that appellate counsel was ineffective in failing to raise trial counsel's failure to object to similar transaction evidence. (Doc. 13, Exhs. 4, 5). Counsel for the Respondent asserts that this claim of ineffective assistance of appellate counsel is

procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise this claim in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the Petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

Herein, the Petitioner did not raise the ineffectiveness issue presented in subground (ix) in the state proceedings below, rendering the subground procedurally defaulted. Petitioner has failed to establish either cause or prejudice for the procedural default of the claim at issue. The

Petitioner has not established cause and actual prejudice to excuse the procedural default of this claim, nor has he established a fundamental miscarriage of justice if his claim is not heard.

*Failure to state a claim*

The Respondent maintains that Ground 3 in this federal habeas petition fails to raise a valid ground for federal habeas relief. Respondent is correct. This ground, wherein the Petitioner alleges that the state habeas court failed to afford Petitioner a full and fair hearing and did not address the merits of his claims, fails to state a claim for federal habeas relief, as alleged infirmities in state habeas court proceedings do not entitle a federal habeas petitioner to relief. *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004)("while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Accordingly, this ground will not support the granting of the writ herein.

*Ineffective assistance of trial counsel*

In Ground 4 of this federal habeas petition, the Petitioner asserts that "[t]he state court erred in finding trial counsel effective in not filing a demurrer to the indictment." (Doc. 2, p. 6). Petitioner raised this claim in his direct appeal, arguing that trial counsel was ineffective in failing to file a demurrer to the indictment. (Doc. 13, Exh. 1). The Georgia Court of Appeals found that:

> A demurrer, even if filed by counsel, would not have been granted, because the indictment sufficiently described what was stolen. When theft is alleged, the description of the stolen property should be simply such as, in connection with the other allegations, will affirmatively show the accused to be guilty, will reasonably inform him of the transaction charged, and will put him in a position to make the needful preparations for his defense. It is not essential to a charge . . . that the indictment do more than inform the accused generally of the items which it is contended were taken."
> The indictment here was detailed enough for Marlin to understand

> what he was alleged to have taken, and from whom. Thus, Marlin
> cannot have been prejudiced by counsel's failure to file a demurrer
> which would have been denied.
>
> *Marlin*, 273 Ga. App. at 858 (*internal citations omitted*).

The Georgia Court of Appeals, again although not expressly citing the U.S. Supreme Court opinion, relied on the principles governing ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and found that Petitioner's trial counsel's decision not to file a demurrer did not result in prejudice to the Petitioner. In analyzing the issue of prejudice by counsel's representation, the court specifically found that the indictment provided sufficient detail of Petitioner's alleged offense and any demurrer filed by counsel would have been denied. *Marlin*, 273 Ga. App. at 858. As previously set out in this Recommendation, a state court is not required to expressly cite the governing Supreme Court standards, but "neither the reasoning nor the result of the state-court decision may contradict [governing Supreme Court standards]." *Early,* 537 U.S. at 8.

The Petitioner has not shown that the state court's decision is not entitled to deference under § 2254(d). The state court's analysis regarding the representation provided by trial counsel reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's challenge to his trial counsel's failure to file a demurrer.

*Conclusion*

Inasmuch as none of the grounds raised by the Petitioner will support the granting of federal habeas relief, **IT IS RECOMMENDED** that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may

serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Petitioner's motion seeking an update on the status of this action is hereby **DENIED** as moot. (Doc. 23).

**SO ORDERED AND RECOMMENDED**, this  day of February, 2011.

**s/ THOMAS Q. LANGSTAFF**

**UNITED STATES MAGISTRATE JUDGE**

asb